UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHIA WATKINS,

    Plaintiff,

v.                                                      Case No. 8:24-cv-2380-TPB-LSG

CONN'S APPLIANCES, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff Ashia Watkins sues Conn's Appliances, Inc., and appears to allege a violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq ("TILA"). Doc. 1. Watkins moves to proceed *in forma pauperis*, that is, without pre-paying fees or costs. Doc. 2. For the reasons explained below, I recommend denying the motion and dismissing the complaint without leave to amend.

**I.    BACKGROUND**

Conn's Appliances, Inc., is a business with its headquarters in The Woodlands, Texas. Doc. 1 at 4. Watkins currently resides in Stockbridge, Georgia, but appears to have resided in Bradenton, Florida, when the events underlying this action occurred. Doc. 1-1 at 4. Watkins purchased an item from Conn's on July 25, 2023. Doc. 1-1 at 7. Watkins alleges that on July 26, 2024, she sent a letter to Conn's requesting documents and information about her "'loan'/'agreement'/'contract'"

with Conn's. Doc. 1 at 4; Doc. 1-1 at 2. The letter requests (1) "[v]alidation of the debt (actual accounting)"; (2) "[v]erification of the claim against Watkins, Ashia (i.e. a signed invoice); and (3) "[a] copy of the contract binding both parties." Doc. 1-1 at 2.

After receiving no response, Watkins sent Conn's on August 19, 2024, an "Affidavit of Truth . . . asserting misuse of my social security number and extending goods in lieu of 'credit' and imposing a finance charge." Doc. 1 at 4; Doc. 1-1 at 4. Contemporaneously, Watkins sent Conn's a "notice of deficiency" (1) claiming that "THIS IS AN ATTEMPT TO COLLECT A DEBT"; (2) citing Sections 1601, 1602, and 1615 of the TILA; (3) requesting "access to both the journal and credits" of her account, along with a "ledger and debits" of her account; and (4) demanding the payment of $3,219.20 by Conn's to Watkins. Doc. 1-1 at 9. She also sent a "Cease and desist" letter demanding that Conn's stop calling and e-mailing her, as well as sending reports to credit reporting agencies until Conn's gave her a "reasonable written response satisfying all of the conditions of notice and an affidavit of rebuttal." Doc. 1-1 at 14.

Watkins later sent a letter to Thomas J. Fenton, Conn's "Senior Vice President and Chief Credit Officer," saying that she "appreciate[d] the response to the inquiries of [her] initial letter" but that the response was "frivolous and unreasonable." Doc. 1-1 at 6. Watkins complained that she "was not provided with anything [she] requested" in her earlier letters. Doc. 1-1 at 6. Watkins claimed that her "Affidavit of Truth . . . currently stands as truth in commerce" and, if unrebutted

within fifteen days, Conn's would "be in default" and Watkins would pursue "all necessary steps . . . to collect payment." Doc. 1-1 at 6.

In her *pro se* complaint, Watkins demands $3,219.20, which is the "amount accessed via plaintiff's social security number and 'extended' as 'credit' . . . [and] which remains unrebutted and stands as truth in commerce." Doc. 1 at 4. She claims that Conn's is "in default" and owes her $1,780.80 in punitive damages for "continued contact . . . via email . . . and report to credit bureaus after receiving cease and desist." Doc. 1 at 4. Finally, Watkins seeks "[l]ien free ownership of property listed on Exhibit B" and "[r]elease from any 'contractual' obligations because Retail Installment Contract is unenforceable."

## II.   DISCUSSION

### A.   Standard of review.

A litigant can sue in federal court without prepaying the filing fee if the person submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). A pleading must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). These pleading requirements

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.

*Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts supporting an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint's legal theories lack merit or if the complaint's factual allegations fail to state a plausible claim for relief, the court may dismiss the complaint before service of process. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Carroll v. Gross*, 984 F.2d 392, 393 (11th

Cir. 1993) (per curiam). Although *pro se* pleadings receive a liberal construction, a *pro se* plaintiff must nonetheless satisfy the pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B. Watkins' complaint is frivolous and fails to state a claim.

Watkins' *pro se* complaint alleges no statute or circumstance entitling her to relief. Watkins alleges as a "basis for federal jurisdiction" Sections 1601, 1602, and 1611 of the TILA. Doc. 1 at 3. In her "Statement of Claim," Watkins asserts that Conn's violated Section 1601 by "failing to provide full disclosure to all matters dealing with" a loan agreement. Doc. 1 at 4. Although a claim under the TILA would provide a basis for federal jurisdiction, none of these sections provides Watkins a cause of action. Section 1601 is TILA's "Congressional findings and declaration of purpose." 15 U.S.C. § 1601(a)-(b). Section 1602 contains "Definitions and rules of construction." 15 U.S.C. § 1602. Section 1611 creates criminal liability for willful and knowing violations of the TILA. 15 U.S.C. § 1611. No civil cause of action exists under Section 1611. *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014) (explaining that Section 1611 is a "criminal statute[] and do[es] not provide for civil remedies."). Watkins cites no other statute and attaches no written instrument from which to infer a potential cause of action.

Essentially, the complaint is nothing more than a bizarre attempt to extinguish a debt that Watkins owes to Conn's. The complaint and attachments contain statements and theories commonly associated with the so-called "sovereign citizen." "[S]overeign citizens believe that as 'natural humans' (or sovereigns) they are 'not

subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, *extinguish debts*, and derail criminal proceedings.'" *Young v. PNC Bank, N.A.*, 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (emphasis in original). Such theories are patently frivolous and commonly rejected in this circuit. *Fitzgerald v. Mercedes-Benz Fin. Servs.*, Case No. 3:22-cv-1053-MMH-PDB, 2024 WL 3377743, at *5 (Jul. 11, 2024) ("While Fitzgerald does not label herself as a sovereign citizen in her filings, her arguments bear all the hallmarks of sovereign citizen ideology."); *Bey v. Re/max*, No. 8:23-CV-2768-TPB-TGW, 2023 WL 8778617, at *1 (M.D. Fla. Dec. 19, 2023) (*sua sponte* dismissing with prejudice a purported breach of contract case and explaining that "[t]he arguments and legal theories espoused by sovereign citizens have been consistently rejected as 'utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars.'" (quoting *Young*, 2018 WL 1251920 at *2)); *Lebron v. BMW Fin. Servs.,* Case No. 8:21-cv-958-DCI, 2021 WL 9594003, at *4 (M.D. Fla. Dec. 13, 2021).

    A court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the district court may refuse leave to amend with a "justifying reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." *Cornelius v. Bank of America, NA*, 585 F. Appx 996, 1000 (11th Cir. 2014)

(per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *Foman*, 371 U.S. at 182 (holding that a court need not grant leave to amend if there is an "apparent or declared reason" to do otherwise, "such as . . . futility of amendment.") Further, "district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). A case is frivolous if it "has little or no chance of success" and the complaint demonstrates "that the factual allegations are 'clearly baseless'" and "the legal theories are 'indisputably meritless.'" *Carroll*, 984 F.2d at 393 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *Kvalheim*, 261 F. App'x at 234 ("Under § 1915A, a complaint is frivolous if it is 'without arguable merit either in law or fact.'") This action is patently frivolous. Watkins cannot extinguish her debt or create liability for Conn's by sending the company an "Affidavit of Truth." Her claim against Conn's has no chance of success, and her legal theories are indisputably meritless. Thus, I recommend dismissing Watkins' complaint without leave to amend.

### III.   CONCLUSION

Accordingly, I recommend denying the motion to proceed *in forma pauperis*, dismissing the complaint, Doc. 1, without leave to amend, terminating any pending motion, and closing the case.

LINDSAY S. GRIFFIN
United States Magistrate Judge

- 7 -

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.